Brett N. Taylor (SBN: 274400)
btaylor@cozen.com
Matthew E. Lewitz (SBN: 325379)
Email: mlewitz@cozen.com
Dasha Sominskaia (SBN: 340198)
Email: DSominskaia@cozen.com
COZEN O'CONNOR
401 Wilshire Blvd #850
Santa Monica, CA 90401
Telephone: 310.393.4000
Facsimile: 310.394-4700

*Attorneys for Defendant*
*Samba TV, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE DELLASALA, BOB WARDEN, VINCE TOPHONEY, DAVID GOODRICH, KENNETH HARRIS, DUANE LEDWARD, DEREK SCHUETTE, and DEREK SCHUETTE, as guardian of K.S., a minor, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAMBA TV, INC.,<br><br>Defendant. | Case No.: 3:25-cv-03470-JSC<br><br>**DEFENDANT SAMBA TV, INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

Defendant Samba TV, Inc. ("Samba TV" or "Defendant") hereby answers the Second Amended Class Action Complaint and Demand for Jury Trial ("SAC"), filed on December 5, 2025 by Plaintiffs Steve DellaSala, Bob Warden, Vince Tophoney, David Goodrich, Kenneth Harris, Duane Ledward, Derek Schuette, and Derek Schuette as guardian of K.S., individually and on behalf of all other similarly situated individuals (collectively, "Plaintiffs"), as limited by the Court's April 21, 2026 Order (the "April 21, 2026 Order") which dismissed Plaintiffs' Third Cause of Action under Cal. Penal Code Section 631, Sixth Cause of Action under the California Comprehensive Computer Data Access and Fraud Act, Eighth Cause of Action under the California Unfair Competition Law, and Tenth Cause of Action for injunctive relief, and struck the SAC's allegations referencing the Video Privacy Protection Act. (*See* ECF No. 68.) Except as expressly admitted herein, Samba denies all allegations in the SAC. Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts.[1]

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

## SUMMARY OF ALLEGATIONS

1. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the SAC and, on that basis, Samba denies such allegations.

2. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the SAC as to what U.S. households do or do not know, admits that Samba utilizes proprietary Automatic Content Recognition ("ACR") technology, and otherwise denies the remaining allegations contained in Paragraph 2.

3. Samba denies the allegations contained in Paragraph 3 of the SAC.

4. Samba admits that it utilizes ACR technology, and otherwise denies the remaining allegations contained in Paragraph 4 of the SAC.

5. Samba denies the allegations contained in Paragraph 5 of the SAC.

[1] Samba interprets any headings to provide a roadmap to the allegations and not as allegations themselves. Samba therefore does not provide a specific response to the headers in the SAC. To the extent response is required, Samba denies any allegations contained therein. The various headings and subheadings in the SAC are reproduced here solely for convenience.

6. Samba denies the allegations contained in Paragraph 6 of the SAC.

7. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the SAC and, on that basis, Samba denies such allegations.

8. Samba denies the allegations contained in Paragraph 8 of the SAC.

9. The allegations in Paragraph 9 of the SAC constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 9 of the SAC.

10. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the SAC and, on that basis, Samba denies such allegations.

11. The allegations in Paragraph 11 of the SAC constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 11 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

## PARTIES

### A. Plaintiff DellaSala

12. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the SAC.

13. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the SAC regarding Plaintiff DellaSalla. The remaining allegations in Paragraph 13 constitute legal conclusions that do not require a response, and to the extent a response is required, Samba denies those allegations.

14. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the SAC regarding Plaintiff DellaSalla's knowledge, and otherwise denies the remaining allegations.

15. Samba denies the allegations contained in Paragraph 15 of the SAC.

16. Samba denies the allegations contained in Paragraph 16 of the SAC.

17. Samba denies the allegations contained in Paragraph 17 of the SAC.

18. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the SAC regarding Plaintiff DellaSalla, and otherwise denies the remaining allegations.

19. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the SAC and, on that basis, denies such allegations.

**B. Plaintiff Warden**

20. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the SAC.

21. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the SAC regarding Plaintiff Warden. The remaining allegations in Paragraph 21 constitute legal conclusions that do not required a response, and to the extent a response is required, Samba denies those allegations.

22. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the SAC regarding Plaintiff Warden's knowledge, and otherwise denies the remaining allegations.

23. Samba denies the allegations contained in Paragraph 23 of the SAC.

24. Samba denies the allegations contained in Paragraph 24 of the SAC.

25. Samba denies the allegations contained in Paragraph 25 of the SAC.

26. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the SAC regarding Plaintiff Warden, and otherwise denies the remaining allegations.

27. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the SAC and, on that basis, denies such allegations.

**C. Plaintiff Tophoney**

28. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

29. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the SAC regarding Plaintiff Tophoney. The remaining allegations in Paragraph 29 constitute legal conclusions that do not required a response, and to the extent a response is required, Samba denies those allegations.

30. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the SAC regarding Plaintiff Tophoney's knowledge, and otherwise denies the remaining allegations.

31. Samba denies the allegations contained in Paragraph 31 of the SAC.

32. Samba denies the allegations contained in Paragraph 32 of the SAC.

33. Samba denies the allegations contained in Paragraph 33 of the SAC.

34. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the SAC regarding Plaintiff Tophoney, and otherwise denies the remaining allegations.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

35. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the SAC and, on that basis, denies such allegations.

**D. Plaintiff Harris**

36. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the SAC.

37. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the SAC regarding Plaintiff Harris . The remaining allegations in Paragraph 37 constitute legal conclusions that do not required a response, and to the extent a response is required, Samba denies those allegations.

38. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the SAC regarding Plaintiff Harris' knowledge, and otherwise denies the remaining allegations.

39. Samba denies the allegations contained in Paragraph 39 of the SAC.

40. Samba denies the allegations contained in Paragraph 40 of the SAC.

41. Samba denies the allegations contained in Paragraph 41 of the SAC.

42. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the SAC regarding Plaintiff Harris, and otherwise denies the remaining allegations.

43. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the SAC and, on that basis, denies such allegations.

**E. Plaintiff Ledward**

44. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the SAC.

45. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the SAC regarding Plaintiff Ledward . The remaining allegations in Paragraph 45 constitute legal conclusions that do not required a response, and to the extent a response is required, Samba denies those allegations.

46. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the SAC regarding Plaintiff Ledward's knowledge, and otherwise denies the remaining allegations.

47. Samba denies the allegations contained in Paragraph 47 of the SAC.

48. Samba denies the allegations contained in Paragraph 48 of the SAC.

49. Samba denies the allegations contained in Paragraph 49 of the SAC.

50. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the SAC regarding Plaintiff Ledward, and otherwise denies the remaining allegations.

51. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the SAC and, on that basis, denies such allegations.

**F. Plaintiff Goodrich**

52. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

53. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the SAC regarding Plaintiff Goodrich. The remaining allegations in Paragraph 53 constitute legal conclusions that do not required a response, and to the extent a response is required, Samba denies those allegations.

54. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the SAC regarding Plaintiff Goodrich's knowledge, and otherwise denies the remaining allegations.

55. Samba denies the allegations contained in Paragraph 55 of the SAC.

56. Samba denies the allegations contained in Paragraph 56 of the SAC.

57. Samba denies the allegations contained in Paragraph 57 of the SAC.

58. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the SAC regarding Plaintiff Goodrich, and otherwise denies the remaining allegations.

59. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the SAC and, on that basis, denies such allegations.

**G. Plaintiff Schuette**

60. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the SAC.

61. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the SAC regarding Plaintiff Schuette. The remaining allegations in Paragraph 61 constitute legal conclusions that do not required a response, and to the extent a response is required, Samba denies those allegations.

62. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the SAC regarding Plaintiff Schuette's knowledge, and otherwise denies the remaining allegations.

63. Samba denies the allegations contained in Paragraph 63 of the SAC.

64. Samba denies the allegations contained in Paragraph 64 of the SAC.



COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

65. Samba denies the allegations contained in Paragraph 65 of the SAC.

66. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the SAC regarding Plaintiff Schuette, and otherwise denies the remaining allegations.

67. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the SAC and, on that basis, denies such allegations.

**H. Plaintiff K.S.**

68. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the SAC.

69. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the SAC regarding Plaintiff K.S.. The remaining allegations in Paragraph 69 constitute legal conclusions that do not required a response, and to the extent a response is required, Samba denies those allegations.

70. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the SAC regarding Plaintiff K.S.'s knowledge, and otherwise denies the remaining allegations.

71. Samba denies the allegations contained in Paragraph 71 of the SAC.

72. Samba denies the allegations contained in Paragraph 72 of the SAC.

73. Samba denies the allegations contained in Paragraph 73 of the SAC.

74. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the SAC regarding Plaintiff Schuette, and otherwise denies the remaining allegations.

75. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the SAC and, on that basis, denies such allegations.

**I. Defendant**

76. The allegations contained in Paragraph 76 of the SAC constitute a legal conclusion to which no response is required. To the extent a response is required, Samba admits that it is a

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

Delaware corporation with a principal place of business located in San Francisco, California.

77. Samba denies the allegations contained in Paragraph 77 of the SAC.

78. Samba denies the allegations contained in Paragraph 78 of the SAC.

79. Samba denies the allegations contained in Paragraph 79 of the SAC.

80. Samba denies the allegations contained in Paragraph 80 of the SAC.

**JURISDICTION AND VENUE**

81. Samba denies the allegations contained in Paragraph 81 of the SAC inasmuch as Plaintiffs purport to invoke VPPA in support of this Court's jurisdiction when the Court previously dismissed Plaintiffs' VPPA claims in its October 30, 2026 Order, and struck the SAC's allegations referencing VPPA in its April 21, 2026 Order. (*See* ECF Nos. 49, 68.) The allegations contained in Paragraph 81 of the SAC constitute legal conclusions to which no response is required. To the extent a response is required, Samba denies the allegations.

82. The allegations contained in Paragraph 82 of the SAC constitute legal conclusions to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 82 of the SAC.

83. The allegations contained in Paragraph 83 of the SAC constitute legal conclusions to which no response is required. To the extent a response is required, Samba admits that it maintains its principal place of business in California, but otherwise denies the allegations contained in Paragraph 83 of the SAC.

84. The allegations contained in Paragraph 84 of the SAC constitute legal conclusions to which no response is required. To the extent a response is required, Samba admits that it maintains its principal place of business in California, but otherwise denies the allegations contained in Paragraph 84 of the SAC.

85. The allegations contained in Paragraph 85 of the SAC constitute legal conclusions to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 85 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

## BACKGROUND OF USER TRACKING

86. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the SAC and, on that basis, denies the allegations.

87. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the SAC and, on that basis, denies the allegations.

88. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the SAC and, on that basis, denies the allegations.

89. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the SAC and, on that basis, denies the allegations.

90. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the SAC and, on that basis, denies the allegations.

## SAMBA TV'S IDENTITY GRAPH & SAMBA ID

91. Samba denies the allegations contained in Paragraph 91 of the SAC.

92. Samba admits that Paragraph 92 of the SAC purports to refer to and quote from, in part and out of context, an article that speaks for itself. Samba denies any purported characterization of the referenced article or any quoted language therein attributed to it, and otherwise denies the remaining allegations contained in Paragraph 92 of the SAC.

93. Samba admits that Paragraph 93 of the SAC purports to refer to and quote from, in part and out of context, an uncited statement that speaks for itself. Samba denies any purported characterization of the referenced statement, and otherwise denies the remaining allegations contained in Paragraph 93 of the SAC.

94. Samba admits that Paragraph 94 of the SAC purports to attribute uncited statements to a Samba executive, in part and out of context, but denies any purported characterization of the uncited statement and whether such individual was actually a Samba executive, and otherwise denies the remaining allegations contained in Paragraph 94 of the SAC.

95. Samba admits that Paragraph 95 of the SAC purports to refer to, quote from, and depict, in part and out of context, Samba's website that speaks for itself. Samba denies any

purported characterization of the quoted and displayed language, and otherwise denies the remaining allegations contained in Paragraph 95 of the SAC.

96. Samba admits that it acquired Screen6 in or around December 2018, but otherwise denies the remaining allegations contained in Paragraph 96 of the SAC.

97. Samba denies the allegations contained in Paragraph 97 of the SAC.

98. Samba admits that Paragraph 98 of the SAC purports to modify and alter an excerpt of an image, in part and out of context, from Samba's website, which image speaks for itself. Samba denies any purported modifications and alterations to the depicted image, and otherwise denies the allegations contained in Paragraph 98 of the SAC.

99. Samba denies the allegations contained in Paragraph 99 of the SAC.

100. Samba denies the allegations contained in Paragraph 100 of the SAC.

101. Samba admits that Paragraph 101 of the SAC purports to refer to and quote from a Samba patent and Samba's website, in part and out of context, which speak for themselves. Samba denies any purported characterization of the quoted language, and otherwise denies the allegations contained in Paragraph 101 of the SAC.

102. Samba admits that Paragraph 102 of the SAC purports to refer to, depict, and quote from multiple different webpages from Samba's website, in part and out of context, which documents speak for themselves. Samba denies any purported characterization of the quoted language, and otherwise denies the allegations contained in Paragraph 102 of the SAC.

103. Samba admits that Paragraph 103 of the SAC purports to refer to and depict an excerpt of Samba's website, in part and out of context, which document speaks for itself. Samba denies any purported characterization of the depicted language, and otherwise denies the allegations contained in Paragraph 103 of the SAC.

**<u>SAMBA TV'S ACR TECHNOLOGY</u>**

104. Samba admits that it maintains ACR technology, and otherwise denies the allegations contained in Paragraph 104 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

105. Samba admits that it maintains ACR technology, and otherwise denies the allegations contained in Paragraph 105 of the SAC.

106. Samba denies the allegations contained in Paragraph 106 of the SAC.

107. Samba admits that Paragraph 107 of the SAC purports to refer to or quote from a document, and depict excerpts from different documents from Samba's website and third-party materials, which speak for themselves. Samba denies any purported characterization of the depicted language or images. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the SAC regarding third-party materials, and otherwise denies the allegations contained in Paragraph 107 of the SAC.

108. Samba admits that Paragraph 108 of the SAC purports to depict excerpts from third-party materials, which speak for themselves. Samba denies any purported characterization of the depicted third-party materials. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the SAC regarding third-party materials, and otherwise denies the allegations contained in Paragraph 108 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

109. Samba admits that Paragraph 109 of the SAC purports to refer to or quote from Samba's website or other materials, which speak for themselves. Samba denies any purported characterization of the quoted language, and otherwise denies the allegations contained in Paragraph 109 of the SAC.

110. Samba denies the allegations contained in Paragraph 110 of the SAC.

111. Samba denies the allegations contained in Paragraph 111 of the SAC.

**<u>SAMBA TV'S COLLECTION OF IDENTIFIERS THROUGH ITS ACR TECHNOLOGY</u>**

112. Samba denies the allegations contained in Paragraph 112 of the SAC.

113. Samba denies the allegations contained in Paragraph 113 of the SAC.

114. Samba denies the allegations contained in Paragraph 114 of the SAC.

115. Samba denies the allegations contained in Paragraph 115 of the SAC.

116. Samba denies the allegations contained in Paragraph 116 of the SAC.

117. Samba denies the allegations contained in Paragraph 117 of the SAC.

118. Samba denies the allegations contained in Paragraph 118 of the SAC.

**SAMBA TV SHARES AND SELLS ACCESS TO IDENTIFIABLE DATA FOR PROFIT**

119. Samba denies the allegations contained in Paragraph 119 of the SAC.

120. Samba admits that Paragraph 120 of the SAC purports to quote from Samba's website and/or third-party materials, in part and out of context, which documents speak for themselves, and otherwise denies the allegations contained in Paragraph 120 of the SAC.

121. Samba denies the allegations contained in Paragraph 121 of the SAC.

122. Samba denies the allegations contained in Paragraph 122 of the SAC.

123. Samba admits that Paragraph 123 of the SAC purports to modify and depict an excerpt from Samba's website, in part and out of context, which document speaks for itself. Samba denies any purported characterization of the depicted excerpt, and otherwise denies the allegations contained in Paragraph 123 of the SAC.

124. Samba admits that Paragraph 124 of the SAC purports to quote from and refer to a modified excerpt from Samba's website, in part and out of context, which document speaks for itself. Samba denies any purported characterization of any quoted language, and otherwise denies the allegations contained in Paragraph 124 of the SAC.

125. Samba admits that Paragraph 125 of the SAC purports to modify and depict an excerpt from Samba's website, in part and out of context, which document speaks for itself. Samba denies any purported characterization of the depicted excerpt, and otherwise denies the allegations contained in Paragraph 125 of the SAC.

126. Samba admits that Paragraph 126 of the SAC purports to modify and depict an excerpt from Samba's website, in part and out of context, which document speaks for itself. Samba denies any purported characterization of the depicted excerpt, and otherwise denies the allegations contained in Paragraph 126 of the SAC.

127. Samba admits that Paragraph 127 of the SAC purports to modify and depict an excerpt from Samba's website, in part and out of context, which document speaks for itself. Samba denies any purported characterization of the depicted excerpt, and otherwise denies the

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

allegations contained in Paragraph 127 of the SAC.

128. Samba admits that Paragraph 128 of the SAC purports to quote from an excerpt from Samba's website, in part and out of context, which document speaks for itself. Samba denies any purported characterization of the excerpt, and otherwise denies the allegations contained in Paragraph 128 of the SAC.

129. Samba admits that Paragraph 129 of the SAC purports quote from an excerpt from Samba's website, in part and out of context,, which document speaks for itself. Samba denies any purported characterization of the depicted excerpt, and otherwise denies the allegations contained in Paragraph 129 of the SAC.

130. Samba admits that Paragraph 130 of the SAC purports to quote from an excerpt from Samba's website, in part and out of context,, which document speaks for itself. Samba denies any purported characterization of the depicted excerpt, and otherwise denies the allegations contained in Paragraph 130 of the SAC.

131. Samba denies the allegations contained in Paragraph 131 of the SAC.

132. To the extent the allegations contained in Paragraph 132 of the SAC constitute conclusions of law, no response is required. Samba otherwise denies the allegations contained in Paragraph 132 of the SAC.

**SAMBA TV MARKETS ITS PRODUCTS AS PRIVACY-PRESERVING**

133. Samba admits that Paragraph 133 of the SAC purports to refer to and quote from Samba's website or other materials, which document speaks for itself. Samba admits that it markets its technology as being compliant with applicable privacy laws, denies any purported characterization of the quoted language, and otherwise denies the allegations contained in Paragraph 133 of the SAC.

134. Samba admits that Paragraph 134 of the SAC purports to refer to, quote from, and depict images from Samba's website, which document speaks for itself. Samba otherwise denies any purported characterization of the quoted language, and denies the allegations contained in Paragraph 134 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

135. To the extent the allegations contained in Paragraph 135 of the SAC constitute conclusions of law, no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 135 of the SAC.

136. The allegations contained in Paragraph 136 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 136 of the SAC.

137. The allegations contained in Paragraph 137 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 137 of the SAC.

138. Samba denies the allegations contained in Paragraph 138 of the SAC.

139. Samba admits that Paragraph 139 purports to refer to, quote from, and depict images from website link https://web.archive.org/web/20200618175206/https://samba.tv/business/", which materials speak for themselves. Samba denies any purported characterization of the quoted language, and denies the allegations contained in Paragraph 139 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

140. Samba admits that Paragraph 140 purports to refer to, quote from, and depict images from Samba's website or other materials, which document speaks for itself. Samba denies any purported characterization of the depicted images, and denies the allegations contained in Paragraph 140 of the SAC.

141. Samba admits that Paragraph 141 purports to refer to, quote from, and depict images from Samba's website or other materials, which document speaks for itself. To the extent the allegations contained in Paragraph 141 of the SAC constitute conclusions of law, no response is required. To the extent a response is required, Samba admits that it has referenced COPPA in published materials, but denies any purported characterization of the depicted images and language, and otherwise denies the allegations contained in Paragraph 141 of the SAC.

142. Samba admits that Paragraph 142 purports to refer to and quote from Samba's website or other materials, which document speaks for itself. To the extent the allegations

contained in Paragraph 142 of the SAC constitute conclusions of law, no response is required. To the extent a response is required, Samba admits that it has referenced COPPA in published materials, but denies any purported characterization of the quoted language, and otherwise denies the allegations contained in Paragraph 142 of the SAC.

143. Samba admits that Paragraph 143 purports to refer to and quote from Samba's website or other materials, which document speaks for itself. To the extent the allegations contained in Paragraph 143 of the SAC constitute conclusions of law, no response is required. To the extent a response is required, Samba admits that it has referenced COPPA in published materials, but denies any purported characterization of the quoted language, and otherwise denies the allegations contained in Paragraph 143 of the SAC.

144. To the extent the allegations contained in Paragraph 144 of the SAC constitute conclusions of law, no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 144 of the SAC.

145. To the extent the allegations contained in Paragraph 145 of the SAC constitute conclusions of law, no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 145 of the SAC.

146. To the extent the allegations contained in Paragraph 146 of the SAC constitute conclusions of law, no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 146 of the SAC.

147. To the extent the allegations contained in Paragraph 147 of the SAC constitute conclusions of law, no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 147 of the SAC.

148. The allegations contained in Paragraph 148 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 148 of the SAC.

**PLAINTIFFS HAVE A REASONABLE EXPECTATION OF PRIVACY**

149. Samba denies the allegations contained in Paragraph 149 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

150. Samba denies the allegations contained in Paragraph 150 of the SAC.

151. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the SAC and, on that basis, denies those allegations.

152. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the SAC regarding consumers' knowledge, and otherwise denies the remaining allegations contained in Paragraph 152.

153. Samba denies the allegations contained in Paragraph 153 of the SAC.

154. The allegations contained in Paragraph 154 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 154 of the SAC.

155. Samba admits that Paragraph 155 of the SAC purports to refer to and quote from third-party materials, which speak for themselves. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the SAC relating to the third-party materials and, on that basis, denies those allegations. Samba denies the allegations in Paragraph 155 insofar as they pertain to Samba.

156. Samba admits that Paragraph 156 of the SAC purports to refer to and quote from third-party materials, which speak for themselves. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the SAC relating to the third-party materials and, on that basis, denies those allegations. Samba denies the allegations in Paragraph 156 insofar as they pertain to Samba.

157. Samba admits that Paragraph 157 of the SAC purports to refer to and quote from third-party materials, which speak for themselves. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the SAC relating to the third-party materials and, on that basis, denies those allegations. Samba denies the allegations in Paragraph 157 insofar as they pertain to Samba.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

158. The allegations contained in Paragraph 158 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 158 of the SAC.

159. The allegations contained in Paragraph 159 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 159 of the SAC.

160. Samba admits that Paragraph 160 purports to refer to third-party materials, and purported statements by Samba, which materials speak for themselves. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the SAC relating to the third-party materials and, on that basis, denies those allegations. Samba denies any purported characterization of the purported statements by Samba, and otherwise denies the remaining allegations contained in Paragraph 160 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

161. Samba admits that Paragraph 161 purports to refer to third-party materials, which speak for themselves. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the SAC relating to the third-party materials and, on that basis, denies those allegations. Samba denies the allegations contained in Paragraph 161 of the SAC insofar as they pertain to Samba.

162. Samba admits that Paragraph 162 purports to refer to third-party materials, which materials speak for themselves. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 relating to the third-party materials and, on that basis, denies those allegations. Samba denies the allegations contained in Paragraph 162 of the SAC insofar as they pertain to Samba.

163. The allegations contained in Paragraph 163 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 163 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

**SAMBA TV DOES NOT OBTAIN CONSENT**

164. Samba admits that Paragraph 164 purports to depict images from Samba's website, which materials speak for themselves. Samba denies any purported characterization of the depicted images, and otherwise denies the remaining allegations contained in Paragraph 164 of the SAC.

165. Samba denies the allegations contained in Paragraph 165 of the SAC.

166. Samba denies the allegations contained in Paragraph 166 of the SAC.

167. Samba admits that Paragraph 167 of the SAC purports to refer to, quote from, and depict images from multiple third-party websites, which materials speak for themselves. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the SAC relating to third-party materials and, on that basis, denies those allegations. Samba otherwise denies the allegations contained in Paragraph 167 of the SAC insofar as they pertain to Samba.

168. Samba denies the allegations contained in Paragraph 168 of the SAC.

169. Samba denies the allegations contained in Paragraph 169 of the SAC.

170. Samba denies the allegations contained in Paragraph 170 of the SAC.

171. Samba denies the allegations contained in Paragraph 171 of the SAC.

172. Samba denies the allegations contained in Paragraph 172 of the SAC.

173. Samba denies the allegations contained in Paragraph 173 of the SAC.

174. Samba denies the allegations contained in Paragraph 174 of the SAC.

**IDENTIFIABLE VIEWING DATA HAS OBJECTIVE VALUE**

175. Samba denies the allegations contained in Paragraph 175 of the SAC.

176. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the SAC and, on that basis, denies the allegations.

177. Samba denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the SAC and, on that basis, denies the allegations.

178. Samba denies the allegations contained in Paragraph 178 of the SAC.

## TOLLING AND CONCEALMENT

179. The allegations contained in Paragraph 179 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 179 of the SAC.

180. The allegations contained in Paragraph 180 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 180 of the SAC.

181. The allegations contained in Paragraph 181 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 181 of the SAC.

182. The allegations contained in Paragraph 182 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 182 of the SAC.

183. The allegations contained in Paragraph 183 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 183 of the SAC.

184. The allegations contained in Paragraph 184 of the SAC constitute conclusions of law, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 184 of the SAC.

## CLASS ACTION ALLEGATIONS

185. The allegations contained in Paragraph 185 of the SAC constitute conclusions of law, characterizations, or arguments, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 185 of the SAC.

186. The allegations contained in Paragraph 186 of the SAC constitute conclusions of law, characterizations, or arguments, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 186 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

187. The allegations contained in Paragraph 187 of the SAC constitute conclusions of law, characterizations, or arguments, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 187 of the SAC.

188. The allegations contained in Paragraph 188 of the SAC constitute conclusions of law, characterizations, or arguments, to which no response is required. Inasmuch as the Court previously dismissed Plaintiffs' VPPA claims in its October 30, 2026 Order, and struck the SAC's allegations referencing VPPA in its April 21, 2026 Order, no response to Paragraph 188(d) is required. (*See* ECF Nos. 49, 68.) To the extent a response is required, Samba denies the allegations contained in Paragraph 188 of the SAC.

189. The allegations contained in Paragraph 189 of the SAC constitute conclusions of law, characterizations, or arguments, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 189 of the SAC.

190. The allegations contained in Paragraph 190 of the SAC constitute conclusions of law, characterizations, or arguments, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 190 of the SAC.

191. The allegations contained in Paragraph 191 of the SAC constitute conclusions of law, characterizations, or arguments, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 191 of the SAC.

192. The allegations contained in Paragraph 192 of the SAC constitute conclusions of law, characterizations, or arguments, to which no response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 192 of the SAC.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Violation of Common Law Invasion of Privacy (Intrusion Upon Seclusion)

### On Behalf of the Plaintiffs and Classes

193. Samba incorporates by reference its answers to Paragraphs 1 through 192 of the SAC as if set forth at length herein.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

194. The allegations in Paragraph 194 of the SAC constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 194 of the SAC.

195. The allegations in Paragraph 195 of the SAC constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 195 of the SAC.

196. The allegations in Paragraph 196 of the SAC constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 196 of the SAC.

197. Samba denies the allegations contained in Paragraph 197 of the SAC.

198. The allegations in Paragraph 198 of the SAC constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 198 of the SAC.

199. The allegations in Paragraph 199 of the SAC constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 199 of the SAC.

200. The allegations in Paragraph 200 of the SAC constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 200 of the SAC.

201. The allegations in Paragraph 201 of the SAC constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 201 of the SAC.

202. The allegations in Paragraph 202 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 202 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

203. The allegations in Paragraph 203 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 203 of the SAC.

204. The allegations in Paragraph 204 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 204 of the SAC.

205. The allegations in Paragraph 205 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 205 of the SAC.

**SECOND CAUSE OF ACTION**

**Violation of Article I, Section 1 of the California Constitution (Invasion of Privacy)**

**On Behalf of the California Plaintiffs and the California Subclasses**

206. Samba incorporates by reference its answers to Paragraphs 1 through 205 of the SAC as if set forth at length herein.

207. The allegations in Paragraph 207 constitute legal conclusions or characterizations that do not require a response. Paragraph 207 does not contain a factual allegation to which a response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 207 of the SAC.

208. The allegations in Paragraph 208 constitute legal conclusions or characterizations that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 208 of the SAC.

209. The allegations in Paragraph 209 constitute legal conclusions or characterizations that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 209 of the SAC.

210. The allegations in Paragraph 210 constitute legal conclusions or characterizations that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 210 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

211. The allegations in Paragraph 211 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 211 of the SAC.

212. The allegations in Paragraph 212 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 212 of the SAC.

213. The allegations in Paragraph 213 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 213 of the SAC.

214. The allegations in Paragraph 214 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 214 of the SAC.

215. The allegations in Paragraph 215 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 215 of the SAC.

216. The allegations in Paragraph 216 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 216 of the SAC.

217. The allegations in Paragraph 217 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 217 of the SAC.

218. The allegations in Paragraph 218 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 218 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

**THIRD CAUSE OF ACTION**

**Violation of the California Invasion of Privacy Acy ("CIPA")**

**Cal. Penal Code § 631**

**On Behalf of the California Plaintiffs and the California Subclasses**

219. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of Cal. Penal Code Section 631 in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 219 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 219.

220. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of Cal. Penal Code Section 631 in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 220 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 220.

221. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of Cal. Penal Code Section 631 in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 221 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 221.

222. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of Cal. Penal Code Section 631 in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 222 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 222.

223. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of Cal. Penal Code Section 631 in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 223 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 223.

224. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of Cal. Penal Code Section 631 in the SAC. (*See* ECF No. 68 at p. 19.)

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

Accordingly, no response to Paragraph 224 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 224.

225. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of Cal. Penal Code Section 631 in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 225 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 225.

226. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of Cal. Penal Code Section 631 in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 226 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 226.

227. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of Cal. Penal Code Section 631 in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 227 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 227.

228. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of Cal. Penal Code Section 631 in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 228 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 228.

229. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of Cal. Penal Code Section 631 in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 229 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 229.

230. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of Cal. Penal Code Section 631 in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 230 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 230.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

**FOURTH CAUSE OF ACTION**

**Violation of the California Invasion of Privacy Act**

**Cal. Penal Code § 632**

**On Behalf of the California Plaintiffs and the California Subclasses**

231. Samba incorporates by reference its answers to Paragraphs 1 through 230 of the SAC as if set forth at length herein.

232. The allegations in Paragraph 232 constitute legal conclusions that do not require a response. Paragraph 232 does not contain a factual allegation to which a response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 232 of the SAC.

233. The allegations in Paragraph 233 constitute legal conclusions that do not require a response. Paragraph 233 does not contain a factual allegation to which a response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 233 of the SAC.

234. The allegations in Paragraph 234 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 234 of the SAC.

235. The allegations in Paragraph 235 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 235 of the SAC.

236. The allegations in Paragraph 236 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 236 of the SAC.

237. The allegations in Paragraph 237 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 237 of the SAC.

238. The allegations in Paragraph 238 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 238 of the SAC.

239. The allegations in Paragraph 239 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 239 of the SAC.

240. The allegations in Paragraph 240 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 240 of the SAC. Samba further denies that Plaintiffs are entitled to relief.

241. The allegations in Paragraph 241 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 241 of the SAC. Samba further denies that Plaintiffs are entitled to relief.

242. The allegations in Paragraph 242 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 242 of the SAC. Samba further denies that Plaintiffs are entitled to relief.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

**FIFTH CAUSE OF ACTION**

**Violation of the California Invasion of Privacy Act**

**Cal. Penal Code § 638.50 & 638.51**

**On Behalf of the California Plaintiffs and the California Subclasses**

242. Samba incorporates by reference its answers to Paragraphs 1 through 242 of the SAC as if set forth at length herein.

243. The allegations in Paragraph 243 constitute legal conclusions that do not require a response. Paragraph 243 does not contain a factual allegation to which a response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 243 of the SAC.

244. The allegations in Paragraph 244 constitute legal conclusions that do not require a response. Paragraph 244 does not contain a factual allegation to which a response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 244 of the SAC.

245. The allegations in Paragraph 245 constitute legal conclusions that do not require a response. Paragraph 245 does not contain a factual allegation to which a response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 245 of the SAC.

246. The allegations in Paragraph 246 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 246 of the SAC.

247. The allegations in Paragraph 247 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 247 of the SAC.

248. The allegations in Paragraph 248 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 248 of the SAC.

249. The allegations in Paragraph 249 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 249 of the SAC.

250. The allegations in Paragraph 250 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 250 of the SAC.

251. The allegations in Paragraph 251 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 251 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

252. The allegations in Paragraph 252 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 252 of the SAC. Samba further denies that Plaintiffs are entitled to relief.

253. The allegations in Paragraph 253 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 253 of the SAC. Samba further denies that Plaintiffs are entitled to relief.

**SIXTH CAUSE OF ACTION**

**Violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA")**

**Cal. Penal Code § 502**

**On Behalf of the California Plaintiffs and the California Subclasses**

254. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 254 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 254.

255. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 255 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 255.

256. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 256 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 256.

257. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 257 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 257.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

258. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 258 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 258.

259. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 259 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 259.

260. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 260 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 260.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

261. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 261 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 261.

262. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 262 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 262.

263. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 263 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 263.

264. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response

to Paragraph 264 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 264.

265. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 265 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 265.

266. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' claims for violation of CDAFA in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 266 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 266.

**SEVENTH CAUSE OF ACTION**

**Violation of The Federal Wiretap Act, 18 U.S.C. § 2510, *et. seq.***

**On Behalf of the Plaintiffs and the Classes**

267. Samba incorporates by reference its answers to Paragraphs 1 through 266 of the SAC as if set forth at length herein.

268. The allegations in Paragraph 268 constitute legal conclusions that do not require a response. Paragraph 268 does not contain a factual allegation to which a response is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 268 of the SAC.

269. The allegations in Paragraph 269 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 269 of the SAC.

270. The allegations in Paragraph 270 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 270 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

271. The allegations in Paragraph 271 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 271 of the SAC.

272. The allegations in Paragraph 272 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 272 of the SAC.

273. The allegations in Paragraph 273 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 273 of the SAC.

274. The allegations in Paragraph 274 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 274 of the SAC.

275. The allegations in Paragraph 275 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 275 of the SAC.

276. The allegations in Paragraph 276 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 276 of the SAC.

277. The allegations in Paragraph 277 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 277 of the SAC.

278. The allegations in Paragraph 278 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 278 of the SAC.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

**EIGHTH CAUSE OF ACTION**

**Violation of California Unfair Competition Law ("UCL")**

**Cal. Bus. & Prof. Code § 17200, *et seq*.**

**On Behalf of the California Plaintiffs and the California Subclasses**

279. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 279 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 279.

280. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 280 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 280.

281. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 281 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 281.

282. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 282 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 282.

283. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 283 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 283.

284. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 284

is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 284.

285. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 285 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 285.

286. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 286 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 286.

287. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 287 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 287.

288. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 288 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 288.

289. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 289 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 289.

290. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 290 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 290.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

291. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 291 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 291.

292. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 292 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 292.

293. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 293 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 293.

294. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' UCL claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 294 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 294.

## NINTH CAUSE OF ACTION

### Unjust Enrichment

### On Behalf of the Plaintiffs and the Classes

295. Samba incorporates by reference its answers to Paragraphs 1 through 294 of the SAC as if set forth at length herein.

296. Samba denies the allegations contained in Paragraph 296.

297. Samba denies the allegations contained in Paragraph 297 of the SAC.

298. Samba lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298 of the SAC and, on that basis, Samba denies such allegations.

299. The allegations in Paragraph 299 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

Paragraph 299 of the SAC.

300. The allegations in Paragraph 300 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 300 of the SAC.

301. The allegations in Paragraph 301 constitute legal conclusions that do not require a response. To the extent a response is required, Samba denies the allegations contained in Paragraph 301 of the SAC.

**TENTH CAUSE OF ACTION**

**Injunctive Relief**

**|On Behalf of the Plaintiffs and the Classes**

302. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' injunctive relief claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 302 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 302.

303. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' injunctive relief claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 303 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 303.

304. Pursuant to the Court's Order dated April 21, 2026, the Court dismissed Plaintiffs' injunctive relief claims in the SAC. (*See* ECF No. 68 at p. 19.) Accordingly, no response to Paragraph 304 is required. To the extent a response is required, Samba denies the allegations contained in Paragraph 304.

**PRAYER FOR RELIEF**

Samba denies that Plaintiffs are entitled to relief against Samba and requests that the Court dismiss all claims against Samba, and order such further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Samba admits that Plaintiffs purport to demand a jury trial on all counts so triable.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

**AFFIRMATIVE DEFENSES**

As to affirmative defenses, Samba does not allege or admit it has the burden of proof or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion on any matters as to which Plaintiffs have the burden of proof or persuasion. The following affirmative defenses are based on Samba's current knowledge, information, and belief at this time. Samba has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. Samba specifically reserves the right to modify, amend, and/or supplement any affirmative defense contained in this Answer. Samba reserves the right to assert other defenses based upon further discovery and investigation.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The SAC, and each and every claim alleged therein, fails to state facts sufficient to state a cause of action against Samba on which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, by one or more statutes of limitations under applicable law.

**THIRD AFFIRMATIVE DEFENSE**

**(Standing)**

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because they lack standing under Article III of the United States Constitution.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

**FOURTH AFFIRMATIVE DEFENSE**

**(No Injury)**

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because they have not suffered any injury, harm, and/or damage as a result of the acts or practices complained of, and are thus barred from asserting any claims against Samba.

**FIFTH AFFIRMATIVE DEFENSE**

**(Mootness)**

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, by the doctrine of mootness.

**SIXTH AFFIRMATIVE DEFENSE**

**(Privilege/ Justification/ Excuse)**

The named Plaintiffs, and each and every member of the purported class, are barred from recovery because Samba's actions were, in whole or in part, privileged, justified and/or excused by operation of law.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because they expressly or impliedly consented to and/or ratified the conduct alleged in the SAC.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Necessary Incident To Rendition Of Services)**

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because Samba's actions were a necessary incident to the rendition of services.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

**NINTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

The named Plaintiffs' claims for damages—and each and every member of the purported class's claims for damages—are barred, in whole or in part, because they would be unjustly enriched if they recovered any monetary relief.

**TENTH AFFIRMATIVE DEFENSE**

**(Violates Rule of Lenity)**

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred because Plaintiffs' application of the California Invasion of Privacy Act as interpreted by Plaintiffs would violate the rule of lenity.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

The named Plaintiffs' claims for damages—and each and every member of the purported class's claims for damages—are barred, in whole or in part, to the extent they failed to act reasonably on their own behalf to minimize, avoid, or otherwise mitigate their purported damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy At Law)**

The named Plaintiffs' claims for damages—and each and every member of the purported class's claims for damages—are not entitled to equitable relief because they have an adequate remedy at law and the relief they request is not the proper subject of a judicial remedy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

Plaintiffs—and each and every member of the purported class—have not suffered any damages by reason of the alleged acts or omissions attributed to Samba and, therefore, have no valid claims against Samba.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

The named Plaintiffs' claims —and each and every member of the purported class's claims for damages—are barred in whole or in part inasmuch as Plaintiffs' alleged damages are speculative.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages - Unconstitutional)**

Punitive or exemplary damages should not be awarded or should otherwise be limited because: (i) any recovery of punitive or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (ii) imposition of any punitive or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State Claim for Punitive Damages)**

Plaintiffs' SAC and the claims alleged therein fail to set forth facts sufficient to constitute a claim of relief for punitive or exemplary damages in that Samba did not act with malice, fraud, or oppression with respect to Plaintiffs.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

The named Plaintiffs, and each and every member of the purported class, are barred from recovery, in whole or in part, by the doctrine of waiver.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The named Plaintiffs, and each and every member of the purported class, are barred from recovery, in whole or in part, by the doctrine of estoppel, including but not limited to the extent

that the conduct of Plaintiffs and each and every member of the purported class, and no acts or omissions of Samba, caused Plaintiffs' and the purported class members' damages and injuries, and/or because Plaintiffs and each and every member of the purported class observed, knew, were informed about, read, heard about, understood, and/or came to understand the details of the allegedly challenged conduct, yet nevertheless consented to the alleged conduct being complained of.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

The named Plaintiffs, and each and every member of the purported class, are barred from recovery, in whole or in part, by the doctrine of Laches.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The named Plaintiffs, and each and every member of the purported class, are barred from recovery, in whole or in part, by the doctrine of unclean hands.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Class Basis)**

Plaintiffs cannot maintain a class action in that the purported claims of the putative class representatives are not sufficiently typical of those of the purported class members, common issues of law and fact do not sufficiently predominate over individual issues, the alleged classes do not have sufficient commonality of injuries and damages such that liability and damages cannot be proven on a class-wide basis, the putative class representatives will not adequately represent the purported class, the putative class is not ascertainable, there is no benefit to the litigants or the Court in maintaining this action as a class action, and/or class action status is not superior to maintaining this action as an individual action in the normal course of the judicial system.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Inadequate Class Representatives)**

The SAC and each purported cause of action therein against Samba fails because Plaintiffs

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

do not qualify as general or class representatives and therefore lack standing to assert claims on behalf of other putative class members.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Good Faith)**

Plaintiffs' claims are barred, in whole or in part, because Samba acted in good faith and in a manner consistent with applicable statutes, regulations, and industry standards.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Party to Communication)**

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred because Plaintiffs were each a party to any purported challenged communication for which Plaintiffs seek to hold Samba liable.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Personal Information)**

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because no "personal information" or "personally identifiable information" of Plaintiffs was disclosed, accessed, intercepted, or otherwise implicated.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Reasonable Privacy Interest)**

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because Plaintiffs do not maintain a legally protected privacy interest over any data alleged to have been impermissible collected and any such information was shared with Plaintiffs' explicit permission, consent, and/or ratification.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Highly Offensive Intrusion)**

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because no "highly offensive" intrusion of Plaintiffs'

privacy rights occurred.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Application of Cal. Penal Code §§ 638.50 and 638.51 to Internet Activity)**

To the extent Plaintiffs and some or all purported class members assert claims under California Penal Code Sections 638.50 and 638.51, such claims are barred, in whole or in part, because those statutes apply only to conduct involving telephonic communications, and no such telephonic communications are alleged in the SAC.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Extraterritorial Application of California Common Law)**

To the extent the Plaintiffs—and members of the purported class—are not citizens of California, such Plaintiffs cannot maintain common law claims under California law.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Right to Assert Additional Defenses)**

Samba expressly reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Samba prays that Plaintiffs take nothing by way of their SAC, and the Court enter judgment in favor of Samba as follows:

A. That judgment on the SAC, and on each cause of action therein, be entered in favor of Samba and the SAC against Samba be dismissed with prejudice;

B. That this Court deny Plaintiffs relief of any kind;

C. That the request for declaratory relief be denied;

D. That Samba be awarded their costs and expenses incurred in defending against the allegations contained in the SAC; and

E. For such other or further relief as this Court may deem just and proper.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

Dated: June 23, 2026

COZEN O'CONNOR

By: */s/ Matthew E. Lewitz*
Brett N. Taylor
Matthew E. Lewitz
*Attorneys for Defendant Samba TV, Inc.*