United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOB WARDEN, et al.,
Plaintiffs,
v.
SAMBA TV, INC.,
Defendant.

Case No. 25-cv-03470-JSC

**ORDER RE: PLAINTIFFS' MOTION TO ADD NEW NAMED PLAINTIFFS**

Re: Dkt. No. 106

In this this putative class action Plaintiffs bring claims under California privacy and consumer protection laws and the Federal Wiretap Act against Defendant Samba TV. Now pending before the Court is Plaintiffs' motion to withdraw certain named plaintiffs and add two new named plaintiffs. (Dkt. No. 106.) The Court previously denied the motion of certain named plaintiffs (Bob Warden, Duane Ledward, Derek Schuette, individually and as guardian of K.S., a minor, and David Goodrich) to withdraw as Plaintiffs' counsel had not shown they had their clients' permission to dismiss their claims as named plaintiffs. (Dkt. No. 113.) So, still pending is Plaintiffs' motion to add two new additional named plaintiffs. After carefully considering the parties' written submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Plaintiffs' motion.

## PROCEDURAL HISTORY

Plaintiffs Phillip McDonald, Steve DellaSala, Bob Warden, and Vince Tophoney, all residents of states other than California, filed this putative class action in California federal court 18 months ago, on April 18, 2025. (Dkt. No. 1.) Two months later, Mr. McDonald dismissed his individual claims without prejudice. (Dkt. No. 23.) In August 2025, Defendant moved to dismiss the complaint. (Dkt. No. 31.) The Court granted the motion with leave to amend by Order filed

October 30, 2025. (Dkt. No. 49.) The Court dismissed the California claims because they do not apply to conduct that occurs to non-residents outside California. The Court also concluded Plaintiffs failed to plausibly allege a common law intrusion upon seclusion claim or a Video Privacy Protection Act claim. (Dkt. Nos 49.) Plaintiffs filed an amended complaint on December 4, 2026 (Dkt. No. 54), and on that same day the parties stipulated to allow Plaintiffs to file a Second Amended Complaint which added California plaintiffs David Goodrich, Kenneth Harris, Duane Ledward, Derek Schuette individually and as guardian of K.S., a minor. (Dkt. Nos. 55, 56.) The next month Defendant moved to dismiss the Second Amended Complaint. (Dkt. No. 58.) The Court granted in part and denied in part the motion with leave to amend. (Dkt. No. 68.) Plaintiffs elected to proceed on the remaining claims rather than file a Third Amended Complaint. (Dkt. No. 70.)

The Court held an initial case management conference on June 10, 2026 and at Defendant's request, granted Defendant leave to file an early summary judgment motion on its defense that each named Plaintiff had consented to Defendant's data collection. (Dkt. Nos. 76, 78.) Following a further case management conference on June 24, 2026, the Court set a pretrial schedule through class certification, which included deadlines for Defendant's consent summary judgment motion. (Dkt. No. 82.) In the meantime, Defendant answered the Second Amended Complaint. (Dkt. No. 80.) On July 23, 2026, Plaintiff Steve DellaSala voluntarily dismissed his individual claims pursuant to stipulation. (Dkt. No. 90.)

Discovery commenced and the Court addressed several discovery disputes. (Dkt. Nos. 89, 92, 95.) Then, on September 25, 2026, Plaintiffs moved to voluntarily dismiss five additional named plaintiffs and to substitute them with two new plaintiffs. (Dkt. No. 106.) In particular, Plaintiffs asserted that on July 28, 2026, Plaintiff David Goodrich, who had been added to the action in December 2025, told counsel he did not wish to continue as a named plaintiff and that counsel had not been able to communicate with Plaintiffs Bob Warden, Duane Ledward, and Derek Schuette. (Dkt. No. 106 at 9.) So, Plaintiffs wanted to dismiss all of those plaintiffs and substitute in two new named plaintiffs. (*Id.* at10.) Plaintiffs did not seek to dismiss two other named plaintiffs, Vince Tophoney and Kenneth Harris. (*Id.* at 9.)

At a further case management conference held on October 14, 2026, the Court denied the motion to voluntarily dismiss certain named plaintiffs because if counsel could not get in contact with their clients, they did not have the authority to dismiss their claims. (Dkt. Nos. 112, 113.) But, the Court explained it would take the motion to substitute (or to add) the two new named plaintiffs upon the filing of Plaintiffs' reply. So, the motion to substitute/add is now under submission.

**DISCUSSION**

Federal Rules of Civil Procedure 15 governs this motion to add two additional named plaintiffs. Pursuant to Rule 15(a)(2), a district court "should freely give leave [to amend] when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Courts commonly use four factors to determine whether leave to amend should be denied: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Moreover, Rule 16 also governs the motion to amend if granting the motion will require the Court to alter its court-ordered schedule. *See, e.g., Bever v. CitiMortgage, Inc.*, No. 1:11-CV-01584-AWI, 2014 WL 1577250, at *8 (E.D. Cal. Apr. 18, 2014), aff'd, 708 F. App'x 341 (9th Cir. 2017). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under the "good cause" standard, "[t]he pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks and citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. Applying either Rule, the Court in its discretion declines to permit Plaintiffs to add yet two more named plaintiffs to this action.

First, and most importantly, Defendant will be prejudiced. Its summary judgment motion on the named plaintiffs' consent to the collection of their data is due December 15, 2026. And, Defendant made the strategic decision to bring a summary judgment motion before class

certification based on the named plaintiffs identified in the Second Amended Complaint. If amendment is allowed, Defendant will have to investigate consent as to these two new plaintiffs and determine if it wishes to move for summary judgment on consent as to these new plaintiffs. Discovery into these new plaintiffs must also be commenced. The schedule will thus have to be modified, including the class certification schedule, as the Court set the schedule with the understanding the summary judgment motion would be filed in December 2026. Plaintiffs' insistence little discovery has occurred and so there is no prejudice is unpersuasive. Plaintiffs may not have obtained much discovery as to the named plaintiffs' consent, but Defendant is in possession of most of the relevant discovery.

Second, Plaintiffs have unduly delayed in moving to add these two new plaintiffs. They argue they have not unduly delayed because it was not until July 28 that Mr. Goodrich said he did not wish to participate and until August 2026 that Plaintiffs' counsel could not get in touch with the others. But that ***seven out of nine*** named plaintiffs have decided not to participate in the lawsuit or are not responding to Plaintiffs' counsel's communications, compels the inference that since the beginning, counsel did an ineffective job of communicating to the plaintiffs they named in the lawsuit as to named plaintiff responsibilities. The record also compels the inference counsel has not been in regular contact with the named plaintiffs, or at least most of them. It is telling that in response to Defendant's argument about counsel's lack of diligence, counsel chose, on reply, to remain silent.

Third, it follows from the above that Plaintiffs have not demonstrated good cause under Rule 16 to add a 10th and 11th named plaintiff. And, they have not articulated any reason as to why they need to add these new plaintiffs. By their own account, plaintiffs Vince Tophoney and Kenneth Harris still wish to participate in the lawsuit and are cooperating with discovery. So, the case will still move forward absent amendment.

## CONCLUSION

For the above reasons, the Court in its discretion DENIES the motion to add two new named plaintiffs. Pretrial Order No. 1 remains in effect.

This Order disposes of Docket No. 106.

Dated: October 27, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California